**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ALFIYA MILLS** **PLAINTIFF**

**V.** **NO. 4:21-CV-861-BSM**

**JAMAR BENNETT, INDIVIDUALLY**
**AND IN HIS OFFICIAL CAPACITY AS**
**POLICE OFFICER FOR THE CITY OF BENTON** **DEFENDANT**

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Comes the Defendant, Jamar Bennett, in his individual and official capacities, by and through undersigned counsel and, for his Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, states:

**INTERROGATORY NO. 1**: Please identify, as described above, each and every person of whom you are aware with knowledge of the facts and circumstances involved in this lawsuit. If more than one person is listed in response to this interrogatory, identify the specific interrogatory for which each named person provided information that contributed to the response, stating in full their name, address and telephone number of each person providing information used (sic).

**RESPONSE TO INTERROGATORY NO. 1**: The following individuals have information relating to the allegations in Plaintiff's Complaint:

a) All parties;

b) Eric Haworth, Captain, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5983, interviewed Plaintiff regarding the allegations against Bennett;





c) Ed Tullos, Detective, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5948, worked with Plaintiff;

d) Michael McClain, Detective, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5948, was interviewed during an Internal Affairs investigation due to allegations that he was present and witnessed inappropriate behavior from Bennett towards Plaintiff;

e) Brian Bigelow, Lieutenant, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5948, reported productivity issues concerning Plaintiff and issued a personal conference memorandum to Plaintiff over officer safety issues; also has knowledge of an incident where Plaintiff failed to remove police equipment from a vehicle during an undercover drug buy;

f) Jeffery Parsons, former Officer, Benton Police Department, had a sexual relationship with Plaintiff, told supervisors Plaintiff was having a nervous breakdown;

g) Kevin Russell, Captain, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5983, was involved in Internal Affairs investigations;

h) Jeff Besancon, Assistant Chief, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5983, was present during some of the Internal Affairs interviews with Plaintiff, was aware of issues with Plaintiff;

i) Marco Medina, former Detective, Benton Police Department, works for State Capitol Police, 501 Woodlane Street, Little Rock, AR 72201, was interviewed during an Internal Affairs investigation about alleged inappropriate behavior by Bennett towards Plaintiff;

j) Michael Teague, former Detective, (501) 844-1267, was aware of an incident where Plaintiff did not go to a call as requested;

k) David Richey, Detective, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5947, was aware of an incident where Plaintiff did not go to a call as requested;

l) Doug Speer, Sergeant, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5948, was aware of an incident where Plaintiff did not go to a call as requested;

m) Ronald Davidson, Lieutenant, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5948, was aware of an incident where Plaintiff did not go to a call as requested;

n) Zach McAnally, Sergeant, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5948, was aware of an incident where Plaintiff did not go to a call as requested;

o) Patrick Baker, Captain, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5983, he supervised Plaintiff and was aware of her performance issues and her complaints about Jamar Bennett being critical of her reports, has knowledge of the personal conference memoranda issued to Plaintiff, has knowledge of Plaintiff's cell phone usage while on duty, conducted multiple interviews with Plaintiff, has knowledge of Internal Affairs investigations relating to Plaintiff;

p) Larry Applegarth, Lieutenant, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5948, had a sexual relationship with Plaintiff;

q) Brett Davidson, Officer, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5948, was aware of Plaintiff's relationship with Jeff Parsons and an incident that occurred the night of a party where they were both in attendance;

r) Hanley Taylor, former Sergeant, Benton Police Department, retired, worked with Plaintiff;

s) Michael Connell, former Lieutenant, Benton Police Department, now retired, 1065 Downing Street, Benton, AR 72015, worked with Plaintiff;

t) Christiane Crabtrey, former Human Resources employee, City of Benton, was present for a November 2019 interview with Plaintiff about Bennett;

u) Kaitlyn Fleetwood, Officer, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5948, saw Plaintiff at a party with a puffy face and blood on her;

v) Curtis Wood, Lieutenant, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5948, investigated the incident related to the July 14, 2020 party;

w) Kolton Lane, former Detective, Benton Police Department, was interviewed during an Internal Affairs investigation about alleged inappropriate behavior by Bennett towards Plaintiff;

x) Austin Duncan, former Sergeant, Benton Police Department, was interviewed during an Internal Affairs investigation about alleged inappropriate behavior by Bennett towards Plaintiff;

y) Andrew Stovall, former Sergeant, Benton Police Department, was interviewed during an Internal Affairs investigation about alleged inappropriate behavior by Bennett towards Plaintiff;

z) Scotty Hodges, Chief of Police, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5983; is aware of the internal affairs investigations and Plaintiff's job performance issues; and

aa) Plaintiff's healthcare providers.

**INTERROGATORY NO. 2**: For each person identified in the preceding Interrogatory, please state a brief summary of all facts you believe the person knows and whether you intend to call the person identified to testify at the trial of this cause.

**RESPONSE TO INTERROGATORY NO. 2**: Defendant has not yet made a final decision regarding witnesses to be called in the trial of this matter; however, the following individuals may be called:

a) Any individual listed in Response to Interrogatory No. 1;

b) Named parties;

c) Any witness disclosed by any party during the course of discovery; and

d) Any witness necessary for rebuttal.

The subject matter of each witnesses' potential testimony is contained in the response to Interrogatory No. 1.

**INTERROGATORY NO. 3**: Do you intend to call any expert witnesses at trial of this cause? If so, please state:

(a) The field of expertise of the witness;

(b) The subject matter which is expected to testify; and,

(c) The substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each such opinion.

**RESPONSE TO INTERROGATORY NO. 3**: Defendant has not made a final decision regarding witnesses to be called at the trial of this matter; however, at this time no expert witness has been retained to testify at a trial.

**INTERROGATORY NO. 4**: Have you any tangible items of correspondence, memoranda, records, or any other item, which you may offer in evidence at trial of this matter? If so, please enumerate and identify specifically by date and item each such instrument.

**RESPONSE TO INTERROGATORY NO. 4**: Defendant has not yet made a final decision regarding exhibits to be used in the trial of this matter; however, the following may be used as exhibits at the trial of this matter:

a) Any document attached hereto, pp. 1-636;

b) Plaintiff's medical records;

c) Any document provided during the course of discovery;

d) Relevant portions of depositions;

e) Any document necessary for rebuttal; and

f) Any document necessary for impeachment.

Defendant may also use the Benton Police Department's internal affairs investigative files. Those will be provided to Plaintiff upon entry of a Protective Order. In order to facilitate discovery, a proposed Agreed Protective Order is attached.

**REQUEST FOR PRODUCTION NO. 1**: Please produce and attach copies of any and all documents identified in your answer to Interrogatory No. 4 above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**: See Response to Interrogatory No. 4, and see attached, pp. 1-636.

**INTERROGATORY NO. 5**: Please state specifically all facts that support your denial of any allegations contained in Plaintiff's Complaint.

**RESPONSE TO INTERROGATORY NO. 5**: Objection. At this early point in discovery, Defendant is unable to completely respond to this interrogatory. Subject to this objection, Defendant states that he did not have a sexual relationship with Plaintiff. The Benton Police Department conducted an internal affairs investigation and found the allegations to be unsustained. The City of Benton did not terminate Plaintiff for exercising her rights under the First Amendment

or the Arkansas Constitution. Plaintiff's performance issues and personal problems involving her coworkers are well documented and were also the subject of internal affairs investigations. Until the filing of this lawsuit, Plaintiff never complained to anyone with the City of Benton that she was discriminated against based on her gender. The City of Benton did not terminate Plaintiff due to her FMLA time taken, and the circumstances surrounding Plaintiff's termination are well documented. As discovery continues, Defendant will supplement this response.

**INTERROGATORY NO. 6:** Please identify each and every person who has had any oral communication with Plaintiff, on behalf of the Defendant, since the date of the incidents alleged in Plaintiff's Complaint. Please enumerate and identify such oral communication as detailed in the Definitions above.

**RESPONSE TO INTERROGATORY NO. 6:** Objection. The events complained of in Plaintiff's Complaint took place over the course of approximately two years while she worked at the Benton Police Department. The term "any oral communication" is vague and impossible to answer. Defendant and multiple other officers and employees of the City of Benton and the Benton Police Department regularly communicated with Plaintiff about multiple subjects during the day-to-day operation of the police department. All documents relating the to the allegations in Plaintiff's Complaint are attached hereto with the exception of internal affairs files which will be provided upon entry of a protective order.

**INTERROGATORY NO. 7:** Please enumerate and identify, specifically by date and item, each and every document produced as a result of any oral or written communication that Defendant, or representative thereof, had with Plaintiff, or any representative of Plaintiff, since the date of the incidents alleged in Plaintiff's Complaint.

**RESPONSE TO INTERROGATORY NO. 7**: Objection. The events complained of in Plaintiff's Complaint took place over the course of approximately two years while she worked at the Benton Police Department. The term "any oral or written communication" is vague and impossible to answer. Defendant and multiple other officers and employees of the City of Benton and the Benton Police Department regularly communicated with Plaintiff about multiple subjects during the day-to-day operation of the police department. All documents relating the to the allegations in Plaintiff's Complaint are attached hereto with the exception of internal affairs files which will be provided upon entry of a protective order.

**REQUEST FOR PRODUCTION NO. 2:** Please produce and attach copies of any and all documents identified in your answer to Interrogatory No. 7 above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**: See Response to Interrogatory Nos. 6 and 7 above.

**INTERROGATORY NO. 8:** For each affirmative defense you have asserted, please state all facts that support such assertion.

**RESPONSE TO INTERROGATORY NO. 8**: Objection. At this early point in discovery, Defendant is unable to completely respond to this interrogatory. Contention interrogatories at this early stage of the litigation are also unduly burdensome. Subject to the objection, Defendant's affirmative defenses are based on his contention that he committed no act toward Plaintiff that was unlawful or discriminatory. As discovery continues, Defendant will supplement this response.

**INTERROGATORY NO. 9:** If you have plead insufficiency of process or insufficiency of service of process, please state all facts that support this assertion.

**RESPONSE TO INTERROGATORY NO. 9**: Not applicable.

**INTERROGATORY NO. 10:** Identify all persons who have been consulted or who have contributed in any way to the collection of information and/or the formulation of the answers contained herein.

**RESPONSE TO INTERROGATORY NO. 10**: These responses were formulated by undersigned counsel, his paralegal, and Jamar Bennett. Responses were also formulated based on internal affairs investigations and Plaintiff's personnel file.

**INTERROGATORY NO. 11:** Please give the names, addresses, and telephone numbers of all employers for whom you have worked since age 18, including the beginning and ending dates of each employment, a description of your job, the rate of pay and the reason for termination of employment.

**RESPONSE TO INTERROGATORY NO. 11**:

a) Benton Police Department, 114 S. East Street, Benton, AR 72015, (501) 776-5978, June 2006 - current, patrol supervisor, $53,000.00 annually;

b) Gould Police Department, 301 N. Gould Ave, Gould, AR 71643, (870) 263-4908, October 2003 – June 2006, various law enforcement duties, $25,000.00 annually, resigned for new job;

c) University of Arkansas at Pine Bluff Department of Public Safety, 1200 N. University, Pine Bluff, AR 71602, (870) 575-8000, July 1999 – September 2001, various law enforcement and security duties, $18,000.00 annually, Called up to active duty due to September 11th;

d) Brookshire's Grocery, 1605 E. Harding Ave, Pine Bluff, AR 71601, (870) 534-1380, January 1997 – July 1999, grocery and produce stocker, $6.50/hr., Resigned for military service; and

e) Arkansas Air National Guard, 103 MSgt Dan Wassom Drive, Little Rock Air Force Base, AR 72099, (501) 987-1000, December 1993 – January 2022, provided training on diversity and inclusion, emotional intelligence, unconscious bias, and other topics, Retired from military service.

**INTERROGATORY NO. 12:** Please provide the name, address and telephone number of each and every doctor you have seen in the past ten (10) years, and the name, address and telephone number of each and every hospital where you have been treated in the past ten (10) years.

**RESPONSE TO INTERROGATORY NO. 12:** Objection pursuant to Fed. R. Civ. P. 26(b)(1). Defendant's medical history is personal and private and is not relevant to the Plaintiff's claims in this case.

**INTERROGATORY NO. 13:** Please list all social networking sites of which you are a member or have been a member of within the last five (5) years.

**RESPONSE TO INTERROGATORY NO. 13:** Facebook and Instagram.

**INTERROGATORY NO. 14:** Please list all lawsuits in which you have ever been involved as a party, giving the approximate filing date, the court in which it was pending, and the names of all parties involved.

**RESPONSE TO INTERROGATORY NO. 14:** All lawsuits filed against Jamar Bennett and the City of Benton are public record and are on file with the Saline County Circuit Court Clerk or the electronic database of the United States Eastern District of Arkansas.

**INTERROGATORY NO. 15:** Please state whether you have ever given a deposition in a civil case. If so, please provide the style of the case in which you gave the deposition and the name of the court in which the case is or was pending.

**RESPONSE TO INTERROGATORY NO. 15**: Jamar Bennett has given a deposition in *Brandi Wortham v. Benton Police Department*, U.S.D.C. Eastern District of Arkansas Case No. 4:19CV-69-KGB.

**INTERROGATORY NO. 16:** Prior to the filing of this lawsuit, please state any and all complaints, allegations, whether personal or professional, levied against you in that contain any allegation of sexual harassment or that consisted of sexual undertones by either co-workers, love interests or someone within the general public.

**RESPONSE TO INTERROGATORY NO. 16**: Other than the allegations related to this lawsuit made by Plaintiff and Jeff Parsons, none.

**INTERROGATORY NO. 17:** If your answer to Interrogatory No. 18 was in the affirmative, please state in full detail what was complained of, by whom, and whether or not it was investigated. If so, what was the outcome of that investigation.

**RESPONSE TO INTERROGATORY NO. 17**: Interrogatory No. 18 does not relate to complaints or allegations against Defendant. However, see Response to Interrogatory No. 16.

**REQUEST FOR PRODUCTION NO. 3:** To the extent you have not done so in your Rule 26 Disclosures, please produce copies of any and all documents, photographs, audio tapes, video tapes or other documentation which relate to your Answer as to the allegations set forth in Plaintiff's Complaint and which in any way substantiate or provide support for the Answer given as to the allegations complained of in Plaintiff's Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**: All documents relating to the allegations in Plaintiff's Complaint are attached hereto, pp. 1-636, with the exception of internal affairs files which will be provided upon entry of a protective order.

**REQUEST FOR PRODUCTION NO. 4**: Please produce copies of any and all notes, memoranda, calendars, journals or other documents by whatever named called, generated or kept by you with respect to your response to the allegations contained in Plaintiff's your Complaint or the facts made that substantiate your Answer to the Complaint, whether created at the time of the event or at a later date. If you contend any of these documents are privileged in any manner, please sufficiently identify the nature and location of said documents so that the Court may rule on any objections made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**: All documents relating to the allegations in Plaintiff's Complaint are attached hereto, pp. 279-534, with the exception of internal affairs files which will be provided upon entry of a protective order.

**REQUEST FOR PRODUCTION NO. 5**: Please produce copies of each and every document or article of demonstrative evidence which you intend to rely on in any way at the trial of this matter or which is relevant as to your response &/or Answer to the allegations set forth in the Complaint. This request encompasses, but is not limited to, both documentary evidence which you intend to introduce and any other form of tangible evidence which you intend to introduce, or otherwise rely on in any way, at the trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**: See Response to Interrogatory No. 4 and Request for Production No. 1 above.

**INTERROGATORY NO. 18**: Please state the following in regard to the sexual relationship referenced in Plaintiff's Complaint:

a) All dates you allege you had sexual encounters with Plaintiff;

b) The location of those sexual encounters;

c) If those encounters were consensual in your eyes;

d) The names of all persons who were aware of your sexual encounters with Plaintiff;

e) Were there ever any complaints made about your sexual encounters, whether by Plaintiff, co-workers or superiors? If so, to whom and how many complaints were made?; and,

f) What were the outcomes of any of those complaints?

**RESPONSE TO INTERROGATORY NO. 18**: Defendant did not have a sexual relationship with Plaintiff.

**REQUEST FOR PRODUCTION NO. 6**: Please produce copies of all documents which you contend support your answer to Interrogatory No. 18.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**: See Response to Interrogatory No. 18 above.

Respectfully submitted,

Jamar Bennett, in his individual and official capacities
**DEFENDANT**

BY: */s/ William C. Mann, III*
William C. Mann, III, AR Bar No. 79199
Attorney for Defendant
P.O. Box 38
North Little Rock, AR 72115
TELEPHONE: 501-978-6131
EMAIL: bmann@arml.org

## CERTIFICATE OF SERVICE

I, William C. Mann, III, hereby certify that on March 21, 2022, that a true and correct copy of the above and foregoing has been served upon the attorney(s) of record as referenced below, via e-mail:

Russell Wood
RWood@WoodLawFirmPA.com

Luther Oneal Sutter
Luthersutter.law@gmail.com

*/s/ William C. Mann, III*
William C. Mann, III

**VERIFICATION**

I, Scotty L. Hodges, do hereby certify that the foregoing statements and/or documents that I have furnished are true and correct to the best of my knowledge, information, and belief.

Signature

STATE OF ARKANSAS )
)SS
COUNTY OF Saline )

Subscribed and sworn to before me, a Notary Public, on this 10th day of March, 2022

NOTARY PUBLIC

My Commission Expires:
6-2-25

Michelle L. Gibson
Saline County, Arkansas
Notary Public
Commission #12690873
Expires June 02, 2025

**VERIFICATION**

I, Jamar Bennett do hereby certify that the foregoing statements and/or documents that I have furnished are true and correct to the best of my knowledge, information, and belief.

_______________________________
Signature

STATE OF ARKANSAS )
)SS
COUNTY OF Saline )

Subscribed and sworn to before me, a Notary Public, on this 11th day of Febuary, 2022

_______________________________
NOTARY PUBLIC

My Commission Expires:

April 17, 2022

HERBERT J. KLING
MY COMMISSION # 12387017
EXPIRES: April 17, 2022
Saline County

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ALFIYA MILLS** **PLAINTIFF**

**V.** **NO. 4:21-CV-861-BSM**

**JAMAR BENNETT, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS POLICE OFFICER FOR THE CITY OF BENTON** **DEFENDANT**

**AGREED PROTECTIVE ORDER**

Based upon the agreement of counsel for Plaintiff and Defendant, the Court hereby enters the following Agreed Protective Order pursuant to Fed. R. Civ. P. 26(c).

1. Plaintiff has requested documents in discovery which are contained in the Benton Police Department's internal affairs investigation files. Certain information contained in the requested documents is sensitive information that should not be available to the general public and should therefore be protected by court order. All documents, information, copies, transcriptions or other reproductions of documents or information (hereinafter "Information") produced in this action that contain, describe, identify or refer to confidential information shall be stamped "Confidential" by the producing party and, if so stamped, shall be subject to the provisions of this Agreed Protective Order.

2. Information designated as "Confidential" shall be retained in the custody of the parties' counsel, their paralegals, secretarial staff, and/or other staff members, during the pendency of this litigation. Counsel may also provide copies of such confidential records, documents or other information to any expert witness[es] retained by the parties, including

persons frequently employed by such expert[s] whose review of the material is necessary for the parties' prosecution of this litigation. The parties and their counsel may not utilize directly or indirectly Information designated as "Confidential" in any other administrative complaint, proceeding, or civil action.

3. Before producing Information designated as "Confidential" subject to this Agreed Protective Order, counsel are directed to ensure that sensitive information including social security numbers, driver's license numbers, employee identification numbers and home addresses is redacted. The parties have agreed that, if any counsel notifies opposing counsel of the need to subpoena any individual whose address and telephone number is protected from disclosure pursuant to this Order, counsel will take reasonable steps to ensure that such individuals are made available to receive service of a subpoena.

4. If Information designated as "Confidential" is to be identified, discussed, or disclosed during a deposition taken in this action of any person or entity, the deponent must be required to acknowledge on the record, before any identification, discussion or disclosure of Information occurs, that he or she has been advised of and has agreed to be bound by the terms of this Agreed Protective Order. Any documents and information contained in files produced in response to discovery requests may be used in depositions taken in the case and as exhibits to any pleading filed with the Court, provided that certain sensitive information is redacted as described in paragraph 3.

5. A lawyer who wishes to challenge the "CONFIDENTIAL" designation made by the producing party of any Information must first attempt in good faith to confer with counsel for the producing party in an effort to resolve the matter amicably. If agreement cannot be reached, the challenging party may file a motion asking the Court to remove the designation, The motion

should describe with specificity the particular Information for which the designation is being challenged and why the Information is not properly designated as "Confidential." Information designated as "Confidential" will continue to be treated as such and subject to the provisions of this Agreed Protective Order pending determination by the Court of the merits of any such challenge.

6. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. The documents contained in the requested files may or may not be relevant to the issues in this case and the Court makes no determination on that issue at this time. If the parties do not ultimately agree on the relevance of documents, they can assert objections at the appropriate time. Nothing herein will be construed or presented as a judicial determination that any specific document or item of information is admissible in evidence at the trial of this case. Furthermore, by stipulating to the entry of this Order, no party waives any right or objection it would otherwise have in the absence of this Order.

7. Within thirty (30) days of the final termination of this action, including all appeals, counsel for Plaintiff shall either return all copies of documents produced by Defendant or destroy all such documents and promptly serve an affidavit of destruction on counsel for Defendant attesting that he has complied with the provisions of the Order.

**IT IS SO ORDERED THIS _______ DAY OF ____________________, 2022.**

______________________________
Brian S. Miller
United States District Judge