IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ALFIYA MILLS                                           PLAINTIFF

V.                  NO. 4:21-CV-861-BSM

JAMAR BENNETT, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
POLICE OFFICER FOR THE CITY OF BENTON             DEFENDANT

## DEFENDANT'S PRETRIAL DISCLOSURES

Defendant Jamar Bennett, in his individual and official capacities, respectfully comes before this honorable Court by and through undersigned counsel and, for his Pretrial Disclosures, state as follows:

1. The identity of the party submitting the information, place and time of pretrial conference.

**RESPONSE:** Jamar Bennett, in his individual and official capacities.

2. The names, addresses and telephone numbers of all counsel for the party.

**RESPONSE:** William C. Mann, III, AR Bar No. 79199
Attorney for Defendant
P.O. Box 38
North Little Rock, AR 72115-0038
Tel: 501-978-6131
Email: bmann@arml.org

3. A brief summary of the claims and relief sought.

**RESPONSE:** Plaintiff asserts four counts in her Complaint, however, Count III is apparently related to some other unknown plaintiff as it has nothing to do with this action. Plaintiff's counsel conceded this in responses to discovery requests. In Count I, Plaintiff claims

she was terminated in retaliation for exercising her right to freedom of speech under the First Amendment to the U.S. Constitution and the right to remonstrate under the Arkansas Constitution. This Count is brought pursuant to Title VII of the Civil Rights Act, as amended and the Arkansas Civil Rights Act ("ACRA").

In Count II, Plaintiff alleges she suffered discrimination in the form of a hostile environment. She also claims illegal disability discrimination and failure to accommodate her by granting leave. These claims are brought pursuant to Title VII, ACRA and "the Equal Protection Clause of 1983." With respect to the latter statute, Plaintiff presumably intends to assert a violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution via 42 U.S.C. § 1983.

Count IV is a claim under the Family and Medical Act ("FMLA"). She claims she gave notice of her need to take FMLA leave, the City granted her the leave then terminated her because she took FMLA leave. Although Plaintiff refers to the Rehabilitation Act of 1973, in paragraph 1 of the Complaint, she does not cite a violation of the statute in any of the three Counts.

Plaintiff requests an unspecified amount of damages in excess of $75,000, both compensatory and punitive, reinstatement of front pay, costs and attorneys' fees.

4. Prospects for settlement, if any.

**RESPONSE:** The prospect for settlement is unknown at this time. The parties have discussed settlement but have been unable to reach an agreement at this time.

5. The basis for jurisdiction or objections to jurisdiction.

**RESPONSE:** Defendant does not object to jurisdiction.

6. A list of all pending motions.

**RESPONSE:** Defendant's Motion for Summary Judgment is pending before the Court. **ECF No. 18.** Plaintiff's response to the motion is due by March 9, 2023. **ECF No. 22.**

7. A concise summary of facts.

**RESPONSE:** A summary of facts of this case is forth in the introduction to the brief in support of Defendants' Motion for Summary Judgment. **ECF No. 19.**

8. All proposed stipulations.

**RESPONSE:** Defendant will stipulate to all facts contained in the Statement of Undisputed Material Facts submitted with their Motion for Summary Judgment. **ECF No. 20.**

9. The issues of fact expected to be contested.

**RESPONSE:** Defendant believes that all facts material to a decision in this case are undisputed and the Motion for Summary Judgment should be granted.

10. The issues of law expected to be contested.

**RESPONSE:** At this time, it is uncertain which issues of law will be contested, beyond the legal issues raised in Defendant's Motion for Summary Judgment.

11. A list and brief description of exhibits that Defendant expects to offer or may offer in evidence.

**RESPONSE:** Defendant expects to offer the following as exhibits:

(a) Plaintiff's performance appraisal completed January 4, 2017;

(b) Plaintiff's performance appraisal completed January 29, 2017

(c) Plaintiff's performance appraisal completed January 28, 2019;

(d) Plaintiff's performance appraisal completed April 25, 2020;

(e) Personnel Conference Memo ("PCM") issued to Plaintiff on July 1, 2019;

(f) PCM issued to Plaintiff on October 9, 2019;

(g) Excerpt from Plaintiff's journal;

(h) Email from Plaintiff to Lieutenant Curtis Wood dated July 15, 2020;

(i) PCM initiated on October 31, 2019, issued to Plaintiff on November 13, 2019;

(j) Various emails attached to Jamar Bennett's affidavit in support of the motion for summary judgment that reflect efforts to correct Plaintiff's report writing;

(h) Excerpts of statements given by Plaintiff during Internal Affairs and Criminal Investigations;

(1) City of Benton and Benton Police Department Harassment Policies; and

(m) City of Benton Family and Medical Leave Act policy;

Defendant may offer the following as exhibits:

(a) Excerpts from Plaintiff's responses to Defendant's discovery requests;

(b) Correspondence and records from Plaintiff's medical providers; and

(c) EEOC Charge of Discrimination filed by Plaintiff; and

(d) Any exhibits identified by Plaintiff in her Pretrial Disclosure Sheet.

12. A list and brief description of charts, graphs, models, schematic diagrams and similar objects which will be used in opening statement or closing argument whether or not they will be offered in evidence.

**RESPONSE:** Defendant does not anticipate using any charts, graphs, models, diagrams or similar objects to be introduced at the trial of this matter; however, if that changes, Defendant will promptly amend his disclosures.

13. The names, addresses and telephone numbers of witnesses who will be called, excluding witnesses to be used solely for impeachment or rebuttal.

**RESPONSE:** Defendant expects to call the following witnesses at the trial of this matter:

4

a) Benton Police Chief Scotty Hodges, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5983;

b) Captain Kevin Russell, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5983;

c) Captain Eric Haworth, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5983;

d) Lieutenant Brian Bigelow, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5948;

e) Captain Patrick Baker, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5983;

f) Lieutenant Curtis Wood, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5948;

g) Lieutenant Ronald Davidson, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5948;

h) Officer Brett Davidson, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5948;

i) Lieutenant Larry Applegarth, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5948;

j) Detective Ed Tullos, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5948;

k) Jeff Parsons, 600 Adams Vineyard, Benton, AR. Phone: 501-574-2784;

l) Plaintiff Alfiya Mills; and

m) Any witnesses listed by Plaintiff.

Defendant may call the following witnesses at the trial of this matter:

(a)   Jeff Besancon, Assistant Chief, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5983;

(b)   Officer Kaitlyn Fleetwood, Benton Police Department, 100 East Street, Benton, AR 72015, (501) 776-5948;

(c)   Former Detective Marco Medina, Benton Police Department, now works for State Capitol Police, 501 Woodlane Street, Little Rock, AR 72201, (501) 682-5173;

(d)   Christiane Crabtrey, former City of Benton Human Resources employee; current address and telephone number unknown, and

(e)   Plaintiff's healthcare providers, Plaintiff has their contact information.

14.   Any requests to amend pleadings.

**RESPONSE:**  None.

15.   The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.

**RESPONSE:**  Discovery is complete.

16.   Suggestions for expediting disposition of the action.

**RESPONSE:**

17.   An estimate of the length of trial.

**RESPONSE:**  Three days. Defendant believes the trial may be expedited by stipulating that the disclosed exhibits be admitted without objection.

Respectfully Submitted,

William C. Mann, III, AR Bar No. 79199
Attorney for Defendant
P.O. Box 38
North Little Rock, AR 72115-0038
Tel: 501-978-6131
Email: bmann@arml.org